UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

**Case Number:** 12-40748-JKO            **Adversary Number:** 13-01372-JKO

In re:

**Name of Debtor(s):** Signature Health Services Inc.

_____/

**Kenneth A. Welt**

Plaintiff(s),

VS.

Steve Leykind, Mobile Medical Management
LLC and Premier Mobile Health Solutions, Inc.

Defendant(s)
_____/

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS STEVE LEYKIND, PREMIER MOBILE HEALTH SOLUTIONS, INC., AND MOBILE MEDICAL MANAGEMENT, LLC.

The Defendants, Steve Leykind, Premier Mobile Health Solutions, Inc., and Mobile Medical Management, LLC ("these Defendants"), by and through their undersigned counsel, submit their Answer and Affirmative Defenses to the Adversary Complaint.

1. These Defendants admit the allegations of paragraphs 1, 2, 18, 24, 29, 30, 41, 42, 45, and 53.

2. As to the allegations of paragraph 11, these Defendants only admit that the Debtor provided Health Cares services to Medicare and Medicaid beneficiary. These Defendants are without sufficient information or knowledge to admit or deny the remaining allegations of paragraph 11.

**BALES SOMMERS & KLEIN, P.A.**
ONE BISCAYNE TOWER ♦ 2 SOUTH BISCAYNE BOULEVARD ♦ SUITE 1881 ♦ MIAMI, FLORIDA 33131
TELEPHONE (305) 372-1200 ♦ FACSIMILE (305) 372-9008

3. As to the allegations of paragraph 12, these Defendants only admit that the Debtor provided services at facilities. These Defendants are without sufficient information or knowledge to admit or deny the remaining allegations of paragraph 12.

4. These Defendants admit the allegations of the first sentence of paragraph 14. These Defendants are without sufficient information or knowledge to admit or deny the remaining allegations of paragraph 14.

5. The allegations of paragraph 28 are unduly vague and not susceptible to admission or denial.

6. As to the allegations of paragraph 35, these Defendants deny that any property was licensed by Premier Mobile Health Solutions, Inc. These Defendants admit the remaining allegations of paragraph 35.

7. These Defendants admit that Steve Leykind has been the recipient of an interest in property from the Debtor. These Defendants admit that Premier Mobile Health Solutions, Inc. has only received the use of certain property formerly owned by the Debtor.

8. As to the allegations of paragraph 58, while these Defendants admit that the general rule of law has been correctly stated, these Defendants deny that the general rule of law is applicable to them based upon the facts of this case.

9. These Defendants are without sufficient information or knowledge to admit or deny the allegations of paragraphs 4, 9, 10, 13, 15, 16, 21, 43, 62, and 85.

10. These Defendants deny the allegations of paragraphs 3, 17 (as stated, because although formed the company has not been active), 19, 23, 25, 31, 32, 37, 38, 44, 46, 47, 50, 51, 52, 54, 57, 59, 63, 64, 65, 66, 76, 77, 78, 80, 81, and 82.

11. These Defendants deny the allegations of paragraphs 7, 8, 27, 34, 40, 49, 56, 61, 75, and 84 as to them as they deny that the Plaintiff is entitled to any relief against them.

12. These Defendants deny the allegations of paragraph 20, as stated, because the $180,000 was in fact a loan, and was not merely "characterized" as a loan.

13. These Defendants deny the allegations of paragraph 22, as stated, because the property received was in fact the repayment of the loan.

14. These Defendants respond to the allegations of paragraph 26 in the same manner as above.

15. These Defendants respond to the allegations of paragraph 33 in the same manner as above.

16. These Defendants respond to the allegations of paragraph 39 in the same manner as above.

17. These Defendants respond to the allegations of paragraph 48 in the same manner as above.

18. These Defendants respond to the allegations of paragraph 55 in the same manner as above.

19. These Defendants respond to the allegations of paragraph 60 in the same manner as above.

20. These Defendants respond to the allegations of paragraph 74 in the same manner as above.

21. Count VII does not seek relief as to these Defendants and these Defendants therefore do not respond to the allegations of Count VII.

BALES SOMMERS & KLEIN, P.A.
ONE BISCAYNE TOWER ♦ 2 SOUTH BISCAYNE BOULEVARD ♦ SUITE 1881 ♦ MIAMI, FLORIDA 33131
TELEPHONE (305) 372-1200 ♦ FACSIMILE (305) 372-9008

22. These Defendants respond to the allegations of paragraph 79 in the same manner as above.

23. These Defendants respond to the allegations of paragraph 83 in the same manner as above.

24. These Defendants deny that the Plaintiff is entitled to any relief pursuant to the WHEREFORE clauses which follow paragraphs 32, 38, 47, 54, 59, 66, 78, 82, and 85.

25. These Defendants deny all allegations directed to them not specifically addressed above, if any.

## AFFIRMATIVE DEFENSES

26. All of the transfers to Mr. Leykind were made without any fraudulent intent whatsoever as the Defendant, Steve Leykind, was owed money by the Debtor arising from funds previously loaned by Mr. Leykind to the Debtor.

27. The transfers to Mr. Leykind were made for legitimate business purposes in the ordinary course of business/financial affairs of the Debtor.

28. All of the transfers to Mr. Leykind were made for value and in good faith. Mr. Leykind was owed money by the Debtor arising from a loan previously made by Mr. Leykind to the Debtor.

29. The Plaintiff is barred and/or estopped from asserting his claims because Mr. Leykind accepted the transfers in good faith and for reasonably equivalent value or for a value less than the amount of the loan, and without actual intent to hinder, delay or defraud creditors.

30. The Plaintiff is barred and/or estopped from asserting his claims against these Defendants because consideration and/or reasonably equivalent value (or less) was provided in connection with the transfers.

4

These Defendants demand trial by jury of all issues triable by jury.

                BALES SOMMERS & KLEIN, P.A.
                2 S. Biscayne Boulevard, Suite 1881
                Miami, Florida 33131
                Telephone:   305-372-1200
                Facsimile:    305-372-9008
                E-mail:       rbalesjr@bsklawyers.com

                By:   /s/Richard M. Bales, Jr.
                    Richard M. Bales, Jr.
                    FL Bar No. 247952

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 6th day of June, 2013, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

                /s/ Richard M. Bales, Jr.
                Richard M. Bales

## SERVICE LIST

I HEREBY CERTIFY that a copy of the foregoing was served by e-mail and U.S. mail on this 6th day of June, 2013 on the following:

Lawrence E. Pecan
MARSHALL GRANT, P.L.
197 South Federal Highway, Suite 300
Boca Raton, Florida 33432
lpecan@marshallgrant.com