UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Case No. 12-40748-BKC-JKO |
| SIGNATURE HEALTH SERVICES, INC, | Chapter 7 |
|     Debtor. | |
| _____/ | |
| KENNETH A. WELT, as Chapter 7 Trustee for the bankruptcy estate of Signature Health Services, Inc, | Adv. Case No. 13-01372-JKO |
|     Plaintiff, | |
| vs. | |
| STEVE LEYKIND, PREMIER MOBILE HEALTH SOLUTIONS, INC, MOBILE MEDICAL MANAGEMENT, LLC and DALE GIBSON, | |
|     Defendants. | |
| _____/ | |

## **ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT DALE GIBSON**

Defendant, Dale Gibson ("Gibson"), by counsel, files his Answer and Affirmative Defenses to the Plaintiff's Complaint [ECF No. 1] (the "Complaint"), and responds to the Complaint as follows:

1. Admitted.

2. Admitted.

3. Without knowledge.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted for jurisdictional purposes only.

8. Admitted for venue purposes only.

9. Admitted.

10. Admitted.

_____

11. Admitted.

12. Admitted.

13. Denied.

14. Without knowledge.

15. Admitted that the fine was assessed; denied that Signature Health Services, Inc (the "Debtor") should have been liable for same.

16. Admitted that as a result of the fine, the Debtor experienced financial difficulties, but denied that this was the only source of the Debtor's financial difficulties. Without knowledge as to whether the Debtor was "insolvent". Furthermore, the allegation does not identify the time period in which the Debtor's "insolvency" is or should be determined. All other allegations set forth in this paragraph are denied and Gibson demands strict proof thereof.

17. Denied as stated, because although formed, the company has not been active.

18. Without knowledge.

19. Denied.

20. Denied as stated, because the $180,000.00 was in fact a loan and not merely "characterized" as a loan.

21. Admitted that the assets were transferred; however, such transfer was made on account of antecedent debt(s).

22. Denied.

23. Denied.

24. Admitted.

25. Denied.

26. Counts I through VI (paragraphs 26 through 66) do not seek relief as to Gibson, and Gibson therefore does not respond to the allegations of Counts I through VI.

To the extent that any response is required, all such allegations are denied and Gibson demands strict proof thereof.

67.     As above.

68.     Admitted for jurisdictional purposes; denied for all other purposes.

69.     Without knowledge.

70.     Denied.

71.     This allegation calls for a legal conclusion, and is therefore denied.

72.     Denied.

73.     Denied.

74.     As above.

75.     Admitted for jurisdictional purposes; denied for all other purposes.

76.     Denied.

77.     Denied.

78.     Denied.

79.     Counts IX through XI[1] (paragraphs 79 through 85) do not seek relief as to Gibson, and Gibson therefore does not respond to the allegations of Counts IX through XI. To the extent that any response is required, all such allegations are denied and Gibson demands strict proof thereof.

## **Affirmative Defenses**

1.      All of the transfers to Mr. Leykind were made without any fraudulent intent whatsoever, as the Defendant, Mr. Leykind, was owed money by the Debtor arising from funds previously loaned by Mr. Leykind to the Debtor.

2.      The transfers to Mr. Leykind were made for legitimate business purposes in the ordinary course of business and financial affairs of the Debtor, and on account of antecedent debt(s).

---

[1] The Complaint omits Count X, and Count XI immediately follows Count IX.

3. All of the transfers to Mr. Leykind were made for value and in good faith. Mr. Leykind was owed money by the Debtor arising from a loan previously made by Mr. Leykind to the Debtor.

4. The Plaintiff is barred and/or estopped from asserting his claims because Mr. Leykind accepted the transfers in good faith and for reasonably equivalent value or for a value less than the amount of the loan, and without the actual intent to hinder, delay or defraud creditors.

5. The Plaintiff is barred and/or estopped from asserting claims against these Defendants because consideration and/or reasonably equivalent value was provided in connection with the transfers.

6. As to Counts VII and VIII, Plaintiff fails to state a cause of action upon which relief may be granted.

7. As to Count VIII, Gibson is not liable pursuant to the business judgment rule. That is, there exists a presumption that in making business decisions, Gibson acted on an informed basis, in good faith and in the honest belief that the action(s) taken were in the best interests of the Debtor. Gibson made informed decisions after making a reasonable effort to inform himself of the relevant facts and he further reasonably believed that the action(s) taken were in the best interests of the Debtor and its stakeholder(s). Furthermore, Gibson was disinterested with respect to the action(s) taken.

8. As to Count VIII, Gibson is not liable pursuant to the principle of *in pari delicto*. That is, any such actions of Gibson can be imputed to the Debtor itself. As the Plaintiff inherits the Debtor's legal and equitable interests as of the commencement of the bankruptcy case, the Plaintiff is bound by all defenses to which the Debtor was subject.

WHEREFORE, Gibson respectfully requests that the Court enter judgment in favor of Gibson and against the Plaintiff, ruling that Gibson may go hence without day.

| | |
|---|---|
| Dated: June 7, 2013 | LEIDERMAN SHELOMITH, P.A.<br>Attorneys for Gibson<br>2699 Stirling Road, Suite C401<br>Ft. Lauderdale, Florida 33312<br>Telephone: (954) 920-5355<br>Facsimile: (954) 920-5371 |

By:_____/s/_____
ZACH B. SHELOMITH
Florida Bar No. 0122548
zshelomith@lslawfirm.net

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on June 7, 2013 to all parties on the list to receive e-mail notice/service for this case, via the Notice of Electronic Filing (which is incorporated herein by reference).

By:_____/s/_____
Zach B. Shelomith